UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN LYNN TONGATE, <br><br> Plaintiff, <br><br> v. <br><br> COMENITY BANK, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-11516 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes MARIAN LYNN TONGATE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMENITY BANK ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 40 year old natural person and is a "consumer" as defined by 815 ILCS 505/1(e) of the ICFA.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Plaintiff is a "person" as defined by 815 ILCS 505/1(c) of the ICFA.

7. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that conducts business with consumers across the country, including Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. Over a year ago, Plaintiff obtained consumer credit cards issued through Defendant which she used to purchase personal household goods. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

12. When Plaintiff first obtained the credit cards, she would routinely make monthly payments. *See* Exhibit A.

13. After experiencing financial hardship due to her dog's illness and physical ailments of her own, Plaintiff became late with her payments to Defendant. *Id.*

14. Whenever Plaintiff has been late with her payments, Defendant will regularly and persistently call her seeking to collect on the defaulted amount. *Id.*

15. For a period of time, Plaintiff attempted to make reduced payments to Defendant. *Id.*

16. In approximately November 2015, Plaintiff began receiving phone calls to her cellular phone, (309) XXX-5383, from Defendant seeking to collect upon the past due balance. *Id.*

17. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5383. Plaintiff is and has always been financially responsible for the cellular phone and its services.

18. Defendant has used a variety of phone numbers to call Plaintiff's cellular phone, including (614) 212-5166, (913) 312-5183, (913) 312-5158, (614) 729-5607, (614) 754-4056, (303) 255- 5351, (720) 456-3688, (614) 212-5287 and (614) 212-5288. *Id.*

19. Upon information and belief, the aforementioned phone numbers are utilized by Defendant to contact consumers during its debt collection activities.

20. When answering calls from Defendant, Plaintiff often experiences a brief pause before a live representative begins speaking. *Id.*

21. Lacking the ability to fully pay Defendant, Plaintiff informed it of her situation and asked it to stop calling her. *Id.*

22. Despite her request, Defendant has continued to call Plaintiff's cellular phone up until the date of the filing of the instant action. *Id.*

23. Plaintiff has told Defendant to stop contacting her on a number of occasions but it continues to call her cellular phone on a regular basis using different phone numbers. *Id.*

3

24. Defendant has placed multiple calls to Plaintiff's cellular phone in the same day, with some calls coming in just seconds apart. *Id.*

25. Plaintiff has received not less than 75 calls from Defendant after asking it to stop calling her. *Id.*

26. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

27. Plaintiff has suffered financial loss as a result of Defendant's actions.

28. Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

29. With the goal of ending Defendant's conducts, Plaintiff has purchased and maintained an application on her cellular phone to block the calls. *Id.*

30. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level and worsening of her illnesses and physical condition. *Id.*

31. Plaintiff has suffered concrete harm as a result of Defendant's actions.
.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being

4

connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

35. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

36. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARIAN LYNN TONGATE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

40. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it of her financial situation and requested that it no longer call her phone. Defendant ignored Plaintiff's requests and continued to contact her at least 75 times after she made her request. Following its routine of placing voluminous phone calls to consumers with past due accounts, the calls here were placed with the hope that Plaintiff would be compelled to make payment.

41. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, with some calls coming in just seconds apart. Placing back-to-back calls is extremely harassing behavior that amounts to unfair practice, especially after being told that she does not wish to be contacted.

42. Not only did Defendant ignore Plaintiff's prompts to cease its calls and continued to seek payment from her by calling her multiple times in the same day, it also placed phone calls using a variety of phone numbers. This conduct is a deceptive attempt by Defendant to trick Plaintiff into answering and to ultimately coerce her into submission.

43. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

45. As pled in paragraphs 25 through 31, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. Defendant's has a pattern and practice of engaging in the very behavior that it subjected Plaintiff to. For public policy reasons Defendant should be assessed punitive damages as it has engaged in willful violations of law.

WHEREFORE, Plaintiff, MARIAN LYNN TONGATE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016      Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com